
# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 346 | **DATE** | August 21, 2002 |
| **CASE TITLE** | Fox Controls, Inc. v. Honeywell, Inc., et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]   Honeywell's motion to dismiss Counts VIII-XII of the First Amended Complaint is granted, and those counts are dismissed with prejudice. |
| (11) | | [For further detail see order (on reverse side of/attached to) the original minute order.] |

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| X | Notices MAILED by judge's staff. | | | AUG 2 2 2002 | |
| | Notified counsel by telephone. | | | date docketed | 29 |
| | Docketing to mail notices. | | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to AUSA Kocoras | | 02 AUG 21 PM 3: 56 | date mailed notice | |
| KAM | courtroom deputy's initials | | FILED-ED TO | KAM | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FOX CONTROLS, INC., an Illinois          )
corporation,                             )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )      No. 02 C 346
                                         )
HONEYWELL INC., a Delaware               )
corporation, and the VARIOUS             )
JOHN DOES,                               )
                                         )
            Defendants.                  )

**DOCKETED**

AUG 2 2 2002

**MEMORANDUM OPINION**

Before the court is defendant Honeywell Inc.'s motion to dismiss Counts VIII-XII of the First Amended Complaint. For the reasons explained below, the motion is granted.

**BACKGROUND**

Plaintiff, Fox Controls, Inc. ("Fox Controls"), brought this action against Honeywell Inc. ("Honeywell") and various John Does, claiming that defendants misappropriated confidential and proprietary information created by Fox Controls for safety training purposes. Honeywell manufactures machine safety products, and Fox Controls distributes and installs Honeywell's products.

The First Amended Complaint alleges twelve claims: breach of written contract (Count I); breach of oral contract (Counts II and III); violation of the Illinois Trade Secrets Act (Count IV);

violation of the Illinois Consumer Fraud and Deceptive Trade
Practices Act, 815 ILCS 505/2 (Count V); violation of the Lanham
Act, 15 U.S.C. § 1125 (Count VI); copyright infringement (Count
VII); conversion (Count VIII); intentional interference with
prospective economic advantage (Count IX); unjust enrichment (Count
X); quantum meruit (Count XI); and breach of fiduciary duty (Count
XII).

Honeywell now moves to dismiss Counts VII-XII of the First
Amended Complaint on the ground that they are preempted by the
Illinois Trade Secrets Act.[1]

### DISCUSSION

The purpose of a 12(b)(6) motion to dismiss is to test the
sufficiency of the complaint, not to resolve the case on the
merits. 5A Charles Alan Wright & Arthur R. Miller, Federal
Practice and Procedure § 1356, at 294 (2d ed. 1990). When
evaluating such a motion, the court must accept as true all factual
allegations in the complaint and draw all reasonable inferences in
the plaintiff's favor. Hentosh v. Herman M. Finch Univ. of Health
Sciences, 167 F.3d 1170, 1173 (7th Cir. 1999); Jang v. A.M. Miller
& Assocs., 122 F.3d 480, 483 (7th Cir. 1997). Dismissal is
appropriate only if "'it is clear that no relief could be granted

---

[1] Honeywell has withdrawn its motion to dismiss insofar as it pertains to
Count VII, a copyright infringement claim. (Defendant's Reply at 1)
("Honeywell's Motion to Dismiss based on lack of subject matter jurisdiction over
Fox Controls' copyright count is nullified by the filing of Fox Controls' amended
complaint.").

under any set of facts that could be proved consistent with the allegations.'" <u>Ledford v. Sullivan</u>, 105 F.3d 354, 356 (7th Cir. 1997) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)); <u>Jones v. General Elec. Co.</u>, 87 F.3d 209, 211 (7th Cir.), <u>cert. denied</u>, 519 U.S. 1008 (1996).

Section 8 of the Illinois Trade Secrets Act (the "ITSA"), 765 ILCS 1065/1 <u>et seq.</u>, provides in relevant part:

> (a) Except as provided in subsection (b), this Act is intended to displace conflicting tort, restitutionary, unfair competition, and other laws of this State providing civil remedies for misappropriation of a trade secret.
> (b) This Act does not affect:
> (1) contractual remedies, whether or not based upon misappropriation of a trade secret, . . . ;
> (2) other civil remedies that are not based upon misappropriation of a trade secret;
> (3) criminal remedies, whether or not based upon misappropriation of a trade secret; or
> (4) the definition of a trade secret contained in any other Act of this State.

765 ILCS 1065/8. By its plain terms, the ITSA preempts common-law claims that are based on misappropriation of trade secrets. Therefore, we must review Counts VIII-XII of the First Amended Complaint to determine whether they are based on the misappropriation of trade secrets or on something more. <u>See</u> <u>Thomas & Betts Corp. v. Panduit Corp.</u>, 108 F.Supp.2d 968, 971-72 (N.D. Ill. 2000).

Count VIII alleges that Honeywell has "intentionally failed to return" and "unlawfully converted for its own use and sold to others" Fox Controls' confidential and proprietary information.

(First Amended Complaint, ¶¶ 79-80.) Count IX alleges that
Honeywell interfered with Fox Controls' prospective economic
advantage by using, and providing unauthorized third parties with,
the information. (Id., ¶¶ 84-85.) Count X alleges that Honeywell
unfairly reaped the benefits of its retention and misuse of the
information. (Id., ¶¶ 89-91.) Count XI alleges that Fox Controls
is entitled to fair compensation for Honeywell's misuse of the
information. (Id., ¶ 94.) Count XII alleges that Honeywell
breached its fiduciary duties to Fox Controls by misusing the
information. (Id., ¶¶ 97-98.)

All of these factual allegations amount to a claim that
Honeywell misused Fox Controls' confidential and proprietary
information. The contentions are simply restatements of
plaintiff's claim for misappropriation of trade secrets, and are
thus preempted by the ITSA. Our colleagues in this district have
held in numerous instances that the ITSA preempts all of these
types of claims where, as here, they are based on a
misappropriation of trade secrets. See Automed Techs., Inc. v.
Eller, 160 F.Supp.2d 915, 921-22 (N.D. Ill. 2001) (conversion claim
preempted); Thomas & Betts, 108 F.Supp.2d at 972-74 (conversion,
tortious interference with business relations, and breach of
fiduciary duty claims preempted); Learning Curve Toys, L.P. v.
Playwood Toys, Inc., No. 94 C 6884, 1999 WL 529572, at *2-3 (N.D.
Ill. July 20, 1999) (unjust enrichment claim preempted); C & F

Packing Co. v. IBP, Inc., No. 93 C 1601, 1998 WL 1147139, at *9-10
(N.D. Ill. Mar. 16, 1998), adopted in full, 1998 WL 160915 (N.D.
Ill. Mar. 31, 1998) (interference with business expectancy claim
preempted); Nilssen v. Motorola, Inc., 963 F. Supp. 664, 683-84
(N.D. Ill. 1997) (unjust enrichment and quantum meruit claims
preempted); Thermodyne Food Serv. Prods, Inc. v. McDonald's Corp.,
940 F. Supp. 1300, 1309 (N.D. Ill. 1996) (breach of fiduciary duty
claim preempted); J.D. Chapman Group, Ltd. v. Chapman, No. 95 C
7716, 1996 WL 89075, at *2-3 (N.D. Ill. Feb. 28, 1996) (breach of
fiduciary duty claim preempted); Web Communications Group, Inc. v.
Gateway 2000, Inc., 889 F. Supp. 316, 321 (N.D. Ill. 1995) (unjust
enrichment claim preempted); Ace Novelty Co. v. Vijuk Equip., Inc.,
No. 90 C 3116, 1990 WL 129510, at *3 (N.D. Ill. Aug. 31, 1990)
(conversion claim preempted).

Fox Controls contends that Counts VIII-XII are merely pled in
the alternative and that these theories of recovery would apply if
the information is not ultimately found to be confidential or
proprietary.   Courts have rejected this argument.   As stated in
Learning Curve:

> PlayWood believes its ideas are protectible as trade
> secrets under the ITSA; however, if the ideas do not meet
> the requirements of trade secrets, PlayWood believes it
> is still entitled to pursue common law causes of action
> for Counterdefendants' alleged theft of ideas.
> The caselaw from the Seventh Circuit, and in this
> district, belies PlayWood's argument.   The purpose of the
> ITSA was to codify all the various common law remedies
> for theft of ideas.   The ITSA did not establish a
> parallel statutory regime to complement the common law;

rather, it "abolished common law theories of misuse of such [secret] information . . . . Unless defendants misappropriate[] a statutory trade secret, they d[o] no legal wrong." Thus, plaintiffs who believe their ideas were pilfered may resort only to the ITSA; the alleged theft of ideas cannot support multiple claims under different theories of recovery.

. . .

In sum, the ITSA does not, as PlayWood contends, simply preempt common law claims for which misappropriation of a trade secret is an element. Rather, the provision eliminated common law claims based on conduct which might support an ITSA action. In other words, if the operative facts are arguably cognizable under the ITSA, any common law claim that might have been available on those facts in the past now no longer exists in Illinois.

1999 WL 529572, at *2-3 (quoting Composite Marine Propellers, Inc. v. Van Der Woude, 962 F.2d 1263, 1265 (7th Cir. 1992)) (other citations omitted). See also Automed, 160 F.Supp.2d at 921-22; Thomas & Betts, 108 F.Supp.2d at 972-73.

Counts VIII-XII of the First Amended Complaint are based entirely on Honeywell's misuse or misappropriation of confidential information. Accordingly, they are preempted by the ITSA and must be dismissed.

### CONCLUSION

For the foregoing reasons, Honeywell's motion to dismiss Counts VIII-XII of the First Amended Complaint is granted, and those counts are dismissed with prejudice.

DATE:       August 21, 2002

ENTER:

John F. Grady, United States District Judge