# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 346 | **DATE** | April 23, 2004 |
| **CASE TITLE** | Fox Controls v. Honeywell Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Honeywell's motion to dismiss Counts V and VI of the Second Amended Complaint is granted to the extent that Counts V and VI are based on the misappropriation of trade secrets. Counts V and VI are therefore dismissed without prejudice. Plaintiff is given leave to file a Third Amended Complaint by May 7, 2004, that deletes from Counts V and VI those allegations that are preempted by the Illinois Trade Secrets Act. A status hearing is set for May 12, 2004, at 10:30 a.m. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 26 2004 | |
| | Docketing to mail notices. | | date docketed | 69 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

(Reserved for use by the Court)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOX CONTROLS, INC., an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 02 C 346 ) |
| HONEYWELL, INC., a Delaware corporation, | ) ) ) |
| Defendant. | ) |

**DOCKETED**

**APR 2 6 2004**

### MEMORANDUM OPINION

Before the court is defendant Honeywell, Inc.'s motion to dismiss Counts V and VI of the Second Amended Complaint. For the reasons stated below, the motion is granted in part.

### BACKGROUND

Plaintiff, Fox Controls, Inc. ("Fox Controls"), brought this action against Honeywell, Inc. ("Honeywell"), claiming that defendants misappropriated confidential and proprietary information created by Fox Controls. Honeywell manufactures machine safety products, and Fox Controls distributes and installs Honeywell's products.

The Second Amended Complaint alleges six claims: copyright infringement (Counts I and II); violation of the Illinois Trade Secrets Act (Count III); breach of contract (Count IV); quasi-

69

contract/unjust enrichment (Count V); and quantum meruit (Count VI).

Honeywell now moves to dismiss Counts V and VI of the Second Amended Complaint, arguing that they are preempted by the Illinois Trade Secrets Act.[1]

## DISCUSSION

Section 8 of the Illinois Trade Secrets Act (the "ITSA"), 765 ILCS 1065/1 et seq., provides in relevant part:

> (a) Except as provided in subsection (b), this Act is intended to displace conflicting tort, restitutionary, unfair competition, and other laws of this State providing civil remedies for misappropriation of a trade secret.
> (b) This Act does not affect:
> (1) contractual remedies, whether or not based upon misappropriation of a trade secret, . . . ;
> (2) other civil remedies that are not based upon misappropriation of a trade secret;
> (3) criminal remedies, whether or not based upon misappropriation of a trade secret; or
> (4) the definition of a trade secret contained in any other Act of this State.

765 ILCS 1065/8. By its plain terms, the ITSA preempts common-law claims that are based on misappropriation of trade secrets. Honeywell contends that Counts V and VI of the Second Amended Complaint, which are claims for "quasi-contract/unjust enrichment" and quantum meruit, are preempted by the ITSA. The issue is whether those claims are based on the misappropriation of trade

---

[1] In its reply brief, Honeywell abandons its argument that Counts V and VI are barred by res judicata due to our previous opinion in this case, in which we dismissed Counts VIII-XII of the First Amended Complaint as preempted by the Illinois Trade Secrets Act.

secrets or on something more. See <u>Fox Controls, Inc. v. Honeywell Inc.</u>, No. 02 C 346, 2002 WL 1949723, at *2 (N.D. Ill. Aug. 22, 2002).[2]

Count V alleges that Fox Controls "conferred good and valuable benefits upon Honeywell by virtue of the consulting services and documentation that it provided to Honeywell" with the expectation of compensation and that "Honeywell accepted and unjustly retained the benefits conferred by Fox Controls without compensating Fox Controls." (Second Amended Complaint, ¶¶ 41-43.) The allegations of Count VI are virtually identical. (<u>Id.</u>, ¶¶ 46-47.) Both counts incorporate and re-allege the general factual allegations of the complaint (which include allegations regarding misappropriation of trade secrets) and the allegations of Count IV, the breach of contract claim. Count IV alleges that Honeywell failed to pay Fox Controls for consulting services and for the creation of a safety training materials, and failed to "appoint Fox Controls as a safety distributor with the right to sell safety products to sub-distributors or otherwise receive an override on all North American

---

[2] We reject plaintiff's wholly unsupported assertion that quasi-contract, unjust enrichment, and quantum meruit are "contractual remedies" and thus are not affected by ITSA preemption. They are restitutionary remedies developed expressly for circumstances not covered by contract. See <u>Village of Bloomingdale v. CDG Enters.</u>, 752 N.E.2d 1090, 1101-02 (Ill. 2001) ("A quasi-contract exists independent of any agreement or consent of the parties. . . . A quasi-contract, therefore, is 'no contract at all,' but a 'rule of law that requires restitution to the plaintiff of something that came into the defendant's hands but in justice belongs to the plaintiff.'" (citation omitted)); <u>Knaus v. Dennler</u>, 525 N.E.2d 207, 210 (Ill. App. Ct. 1988) ("Illinois courts recognize an action derived from the doctrine referred to as quasi contract, contract implied in law, or <u>quantum meruit</u>, the obligations of which may be enforced independent of any agreement between the parties or of their personal intentions.").

sales of safety products." In addition, plaintiff claims in Count IV that Honeywell misused Fox Controls's confidential materials. (Id., ¶ 38.)

Because Counts V and VI incorporate factual allegations concerning the misappropriation of plaintiff's confidential and proprietary information, those claims are based in part on the alleged misappropriation. To the extent that Counts V and VI rely on misappropriation, they are preempted by the ITSA. For the most part, though, Counts V and VI are not based on misappropriation, but simply on allegations that Fox Controls was not paid for services that it rendered to Honeywell.[3] The claims are not preempted to the extent that they rely on these factual allegations.

## CONCLUSION

For the foregoing reasons, Honeywell's motion to dismiss Counts V and VI of the Second Amended Complaint is granted to the extent that Counts V and VI are based on the misappropriation of trade secrets. Counts V and VI are therefore dismissed without prejudice. Plaintiff is given leave to file a Third Amended

---

[3] Honeywell argues that the services allegedly provided by Fox Controls are "nothing more than the conduit by which Fox Controls disclosed" the confidential materials and that the distinction is a matter of semantics, Reply at 2-3, but that remains to be seen. The Second Amended Complaint alleges that plaintiff provided consulting services beyond the creation of the material purportedly containing trade secrets. At this stage, we must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. See Hentosh v. Herman M. Finch Univ. of Health Sciences, 167 F.3d 1170, 1173 (7th Cir. 1999).

Complaint by May 7, 2004, that deletes from Counts V and VI those allegations that are preempted by the Illinois Trade Secrets Act. A status hearing is set for May 12, 2004, at 10:30 a.m.

DATE: April 23, 2004

ENTER: _____

John F. Grady, United States District Judge